IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY BOLING | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0472-N |
| | § | |
| RICK HARRISON, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Larry Boling, a Texas prisoner, against: (1) Kaufman County, Texas; (2) various prosecutors and law enforcement officers, and (3) Billy Jumper, a private citizen. On March 8, 2007, plaintiff tendered a complaint to the district clerk. An application to proceed *in forma pauperis* was filed on March 28, 2007. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on April 10, 2007. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Although his complaint and interrogatory answers are difficult to decipher, plaintiff appears to allege that various Kaufman County and City of Terrell officials, including District Attorney Rick Harrison, Sheriff David Byrnes, Sergeant Jerry Wood, and Detective W.K. Newell, violated his civil rights by prosecuting him for forgery and theft despite his innocence and by failing to investigate crimes plaintiff contends were perpetrated against him. Plaintiff also sues Billy Jumper, a private citizen, for his involvement in one of the forgery prosecutions. In two unrelated claims, plaintiff alleges that Sergeant Wood used excessive force against him on multiple occasions dating back to 1998 and that he was denied medical care for a brain tumor and injuries sustained when he fell from his bunk at the Kaufman County Jail in 2006. By this suit, plaintiff seeks $10 million in damages.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See*

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to state a claim against District Attorney Rick Harrison and Sheriff David Byrnes. As supervisors, these defendants are liable only if they: (1) affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to the plaintiff. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). Plaintiff does not allege that either Harrison or Byrnes personally committed any of the constitutional violations alleged in his complaint. With respect to his claim against the district attorney, plaintiff states that "[e]very time I've filed charges, nothing gets done. Somebody files on me, I get arrested." (*See* Interrog. #2). No facts are alleged which, if proved, would establish that Harrison personally participated in the decision to prosecute plaintiff or refused to investigate charges filed by plaintiff against others. As for Byrnes, plaintiff alleges only that the sheriff "allows his investigators, deputies, and Jailer to use excessive force on a medically, mentally disabled man." (*See* Interrog. #6). Neither Harrison nor Byrnes can be held vicariously liable for the actions of their subordinates. *See Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998) (supervisory officials cannot be sued for civil rights violations under theory of *respondeat superior*).

Nor can plaintiff sue Kaufman County. In order to establish a claim against this defendant, plaintiff must identify an official policy, custom, or practice giving rise to a constitutional violation. *See Monell v. Department of Social Services of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037,

56 L.Ed.2d 611 (1978). This may include persistent or widespread practices which, although not officially authorized, are "so common and well settled as to constitute a custom that fairly represents municipal policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995), *quoting Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). When asked if any of his claims were based on an official policy or custom of the County, plaintiff responded, "No." (*See* Interrog. #7). This admission negates any basis for municipal liability under section 1983.

C.

The gravamen of plaintiff's complaint is that he was wrongfully arrested, prosecuted, and convicted of forgery and theft and that Kaufman County officials refused to investigate criminal charges filed by him against others. Both claims fail as a matter of law. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a state prisoner cannot bring a section 1983 action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. Plaintiff does not allege that either his forgery or theft conviction has been declared invalid by any court. Consequently, he cannot sue for civil rights violations based on any actions taken by Seargant Wood and Detective Newell that ultimately led to those convictions.[1]

Plaintiff also complains that Sergeant Wood failed to investigate the theft of his computer in 2005. However, the failure to investigate is not actionable under section 1983 unless the omission or inadequacy of the investigation itself resulted in the deprivation of a constitutional right. *See, e.g. Witty v. Simpson*, No. 3-01-CV-0005-R, 2001 WL 184251 at *3 (N.D. Tex. Jan. 31, 2001); *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir.

---

[1] To the extent plaintiff attempts to sue for malicious prosecution under the guise of 42 U.S.C. § 1983, the Fifth Circuit has held that there is no "freestanding constitutional right" to be free from malicious prosecution. *See Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003), *cert. denied*, 125 S.Ct. 31 (2004).

1985); *Malloy v. City of New York*, No. 93-CV-8919-SS, 1996 WL 648927 at *2 (S.D.N.Y. Nov. 7, 1996). Plaintiff makes no such claim in this case.

### D.

Plaintiff further alleges that Sergeant Wood used excessive force against him in 1998, 2000, 2001, and 2002. (*See* Interrog. #1 & 3). A federal civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). By his own admission, the most recent use of force occurred in 2002-- more than *four years* before plaintiff filed this action. It is clear from the face of the pleadings that plaintiff's excessive force claims are time-barred. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).

### E.

Plaintiff also sues Billy Jumper for telling the district attorney and justice of the peace that he wrote a "hot" check in 2005. (*See* Interrog. #4). Only state actors may be sued for civil rights violations under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). As a private citizen, Jumper clearly did not act "under color of state law." *See Thomas v. Goode*, No. 85-3818, 1985 WL 51 at *4 (E.D. Pa. Nov. 21, 1985) (dismissing civil rights action against witnesses who testified against plaintiff at his criminal trial). This claim is without an arguable basis in law.

### F.

Finally, plaintiff claims he did not receive adequate medical treatment for a brain tumor and back injury during his incarceration in the Kaufman County Jail. (*See* Interrog. #9). However, none of the parties to this suit are healthcare providers or were directly involved in any aspect of plaintiff's

medical care. There simply is no factual or legal basis to support a deliberate indifference claim against any of the defendants named in the complaint or interrogatory answers.

### **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 20, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE